IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Filed Electronically January 10, 2006)

| | | |
|---|---|---|
| RICHARD AND SUSAN CARY, PATRICIA GEERTS, SHARON HENRY, JAMES HERZOG, DIANE KNUEFFER, PATRICIA MARTIN, ROBERT S. MARTIN, JANET MARIE PRIATT, DONA SCHNEIDER, DOUGLAS SCHWAEBE, CARL AND KATHERINE SCHWEIKERT, DAVID SOUTHCOTT, and MARY CAROL WILDER, on behalf of themselves and all others similarly situated, who sustained damage to a property interest as a result of the Cedar Fire. | ) | No. 06-707 L |
| Plaintiffs, | ) | Senior Judge Wiese |
| v. | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and avers as follows:

The allegations contained in the first, unnumbered paragraph of plaintiffs' complaint constitute conclusions of law, and plaintiffs' characterization of their case, to which no response is required.

1. The allegations contained in paragraph 1 constitute conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that a taking by the United States has occurred under the allegations presented herein.

2. Admits that 28 U.S.C. § 1491 confers jurisdiction upon this Court to hear claims arising under the Just Compensation Clause of the Fifth Amendment to the United States Constitution; denies the remaining allegations contained in paragraph 2.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the ownership of real and personal property contained in paragraph 3.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the ownership of real and personal property contained in paragraph 4.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the ownership of real and personal property contained in paragraph 5.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the ownership of real and personal property contained in paragraph 6.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the ownership of real and personal property contained in paragraph 7.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the ownership of real and personal property contained in paragraph 8.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the ownership of real and personal property contained in paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the ownership of real and personal property contained in paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the ownership of real and personal property contained in paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the ownership of real and personal property contained in paragraph 12.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the ownership of real and personal property contained in paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the ownership of real and personal property contained in paragraph 14.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the ownership of real and personal property contained in paragraph 15.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the ownership of real and personal property contained in paragraph 16.

17. Admits that Federally owned land within the boundaries of the Cleveland National Forest is administered by the Forest Service, an agency of the United States Department of Agriculture, and that management of such national forest is primarily governed by Federal law. Otherwise denies the allegations contained in paragraph 17.

18. Denies the allegations contained in the first sentence of paragraph 18, and avers that the Cleveland National Forest consists of 566,850 gross acres, of which 433,958 are Federally owned; admits the allegations contained in the second sentence of paragraph 18.

19. Denies.

20. With regard to the allegations contained in the first sentence of paragraph 20, defendant admits that certain areas of the Cleveland National Forest were open to the public for hunting; denies the remainder of the allegations contained in the first sentence of paragraph 20. With regard to the allegations contained in the second and third sentences of paragraph 20, defendant admits that a hunter ignited a fire which became known as the "Cedar Fire;" denies the remainder of the allegations contained in the second and third sentences of paragraph 20.

21. With regard to the allegations contained in the first sentence of paragraph 21, admits that the Cedar Fire spread significantly from its point of origin over large areas of the Cleveland National Forest and adjacent private properties; denies the remaining allegations contained in the first sentence of paragraph 21 for lack of knowledge or information sufficient to

form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 21.

22. Denies the allegations contained in paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23. The allegation contained in paragraph 23 constitutes a conclusion of law, and plaintiffs' characterization of their case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied. Defendant specifically denies that the instant case is appropriate for class certification pursuant to Rule 23 of the Rules of the Court of Federal Claims.

24. The allegations contained in paragraph 24 constitute plaintiffs' characterizations of their case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

25. Denies the allegations contained in the first and second sentences of paragraph 25 for lack of knowledge or information sufficient to form a belief as to its truth; denies the allegations contained in the third sentence of paragraph 25.

26. Denies.

27. Denies.

28. Denies.

29. Denies.

30. Denies.

31. Denies.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33. Denies.

34. Defendant's responses to paragraphs 1 through 33 are incorporated by reference.

35. Admits that the Forest Service is responsible for forest and vegetation management within the Federally owned lands of the Cleveland National Forest; defendant denies the remaining allegations contained in paragraph 35.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37. Admits that the Forest Service is responsible for emergency response planning for fires within the Federally owned lands of the Cleveland National Forest, and further avers that this responsibility is shared with various state and local authorities.

38. Admits.

39. Denies.

40. Denies.

41. Denies.

42. Denies.

43. Admits that the Forest Service has the authority to deny the general public's use of, and access to, the Federally owned lands of the Cleveland National Forest; denies the remaining allegations contained in paragraph 43.

44. Admits that public recreation, including hunting, is a permissible use of the National Forests; defendant denies the remaining allegations contained in paragraph 44.

45. Denies.

46. Denies.

47. Denies.

48. Denies.

49. Denies.

50. Denies.

Denies each and every allegation not previously admitted or otherwise qualified.

FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

The allegations contained in the complaint that sound in tort are beyond the jurisdiction of this Court.

Defendant denies that plaintiffs are entitled to the relief set forth in the prayer for relief, or to any relief whatsoever.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

s/Heide L. Herrmann
HEIDE L. HERRMANN
Environment and Natural Resources Division
Natural Resources Section
Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
202-305-3315 (phone)
202-305-0274 (fax)
Heide.Herrmann@usdoj.gov

Dated: January 10, 2007

Attorneys for Defendant