IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Filed Electronically February 28, 2007)

| | | |
|---|---|---|
| RICHARD AND SUSAN CARY, PATRICIA GEERTS, SHARON HENRY, JAMES HERZOG, DIANE KNUEFFER, PATRICIA MARTIN, ROBERT S. MARTIN, JANET MARIE PRIATT, DONA SCHNEIDER, DOUGLAS SCHWAEBE, CARL AND KATHERINE SCHWEIKERT, DAVID SOUTHCOTT, and MARY CAROL WILDER, on behalf of themselves and all others similarly situated, who sustained damage to a property interest as a result of the Cedar Fire. | ) | No. 06-707 L |
| Plaintiffs, | ) | Senior Judge Wiese |
| v. | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Plaintiffs, Richard and Susan Cary, Patricia Geerts, Sharon Henry, James Herzog, Diane Knueffer, Patricia Martin, Robert S. Martin, Janet Marie Priatt, Dona Schneider, Douglas Schwaebe, Carl and Katherine Schweikert, David Southcott, and Mary Carol Wilder ("Plaintiffs") and Defendant, United States of America, by and through their respective counsel, hereby submit this Joint Preliminary Status Report pursuant to the Rules of the United States Court of Federal Claims, Appendix A.

**A. <u>JURISDICTION</u>**

The parties agree that the Tucker Act, 28 U.S.C. § 1491, confers jurisdiction on this Court to adjudicate a claim of a Fifth Amendment taking. Defendant believes that this Court does not have jurisdiction because Plaintiffs' claims sound in tort. Plaintiffs believe that this Court properly has jurisdiction as a Fifth Amendment "taking" occurred.

**B. <u>CONSOLIDATION</u>**

The parties do not believe this case should be consolidated with any other case.

**C. <u>BIFURCATION</u>**

Plaintiffs oppose bifurcation at this time.

Defendant believes that this case should be bifurcated for reasons of judicial and litigant efficiency. In the liability phase, the Court can adjudicate whether there has been a Fifth Amendment taking at all. It will be far more efficient and less costly to prepare and litigate the valuation phase of the case only if and when it has been clearly established that the United States is liable pursuant to the Fifth Amendment.

**D. <u>DEFERRAL OF PROCEEDINGS</u>**

The parties do not believe that this case should be deferred and the parties are not aware of any case pending before this Court which would necessitate the deferral of this action.

**E. <u>REMAND OR SUSPENSION</u>**

The parties are not seeking a remand or suspension.

**F. <u>ADDITIONAL PARTIES</u>**

The parties do not anticipate joining additional parties.

**G. MOTIONS**

Defendant intends to file a motion pursuant to Rule 12(c), and Plaintiffs intend to file a motion pursuant to Rule 56. Defendant's Rule 12(c) Motion to Dismiss can be filed on or before Wednesday, April 4, 2007.

**H. RELEVANT FACTUAL AND LEGAL ISSUES**

**Plaintiffs' Statement**

Plaintiffs believe the issues in this litigation are as follows:

(1) Whether Defendant's land management policies caused a Fifth Amendment "taking" to occur when the Cedar Fire spread from its origin in the Cleveland National Forest to neighboring privately owned lands.

(2) Whether the requirements are met for all persons similarly situated to the named Plaintiffs who sustained damage to a property interest as a result of the Cedar Fire to be designated a "Class" under Rule 23 of the Rules of the Court of Federal Claims.

(3) What is the amount of "just compensation" to which Plaintiffs are constitutionally entitled.

**Defendant's Statement**

Defendant believes the issues in this litigation are as follows:

(1) Whether this Court has jurisdiction to hear Plaintiffs' claims.

(2) Whether Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

(3) Whether Defendant's actions amount to a taking of an interest in Plaintiffs' property without compensation, in violation of the Fifth Amendment of the United States Constitution.

(4) If Defendant's actions amount to an unconstitutional taking, the amount of compensation to which Plaintiffs are entitled.

**I. SETTLEMENT**

The parties believe that in-depth discussions regarding settlement and/or alternative dispute resolution are premature at this point in time. Defendant believes that settlement discussions are unlikely to be successful at least until Defendant's Rule 12(c) Motion to Dismiss is decided. A narrowing and focusing of the issues as a result of Defendant's dispositive motion(s) may or may not result in the case becoming more appropriate for settlement discussions and/or alternative dispute resolution.

**J. TRIAL**

The parties anticipate that this case will proceed to trial on those issues not resolved prior to trial in dispositive motions. The parties do not request expedited trial scheduling.

**K. ELECTRONIC CASE MANAGEMENT NEEDS**

There are no special issues regarding electronic case management needs.

**L. OTHER**

Other than matters relating to discovery, addressed immediately below, there are no matters the parties believe they need to bring to the Court's attention at this point in time.

**M. DISCOVERY PLAN**

Defendant believes that a proposed discovery plan is premature at this time. Defendant requests that initial disclosures and discovery be held in abeyance until Defendant files its motion to dismiss and the Court rules on Defendant's motion.

Plaintiffs disagree based solely on the possibility that discovery may be necessary in

order to respond to Defendant's motion to dismiss. Upon review of Defendant's motion, Plaintiffs will be better able to determine whether discovery is necessary for that purpose. If so, Plaintiffs believe that a Discovery Plan should be prepared and that discovery should begin as soon as possible.

Dated: February 28, 2007

Respectfully Submitted,

s/Mark S. Grotefeld by s/Heide L. Herrmann
MARK S. GROTEFELD
Grotefeld & Denenberg, L.L.C.
105 West Adams Street, Suite 2300
Chicago, Illinois 60603
Telephone: (312) 601-2398
Facsimile: (312) 601-2402

Attorney for Plaintiffs

s/Heide L. Herrmann____________________
HEIDE L. HERRMANN
Environment and Natural Resources Division
Natural Resources Section
Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
202-305-3315 (phone)
202-305-0274 (fax)
Heide.Herrmann@usdoj.gov

Attorney for Defendant