**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

(Filed Electronically May 7, 2007)

| | | |
|---|---|---|
| RICHARD AND SUSAN CARY, et. al., | ) | |
| Plaintiffs, | ) | |
| vs. | ) | No. 06-707 L |
| THE UNITED STATES, | ) | Senior Judge Wiese |
| Defendant. | ) | |

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S STATUS REPORT REQUESTING DISCOVERY**

Plaintiffs, Richard and Susan Cary, et. al., ("Plaintiffs") by and through their respective counsel, respectfully submit this Reply to Defendant's Opposition to Plaintiffs' Request for Discovery.

**A. <u>PROCEDURAL BACKGROUND</u>**

March 27, 2007, this Court ordered Defendant to file its motion to dismiss on or before April 13, 2007 and Plaintiffs to respond to said motion on or before May 14, 2007. The Order also stated "[i]f, however, plaintiff determines that it requires discovery to respond to defendant's motion, on or before April 30, 2007, plaintiff shall file a status report to that effect and the court will make an appropriate adjustment to the May 14 deadline." On April 20, 2007, Defendant moved this Court to dismiss Plaintiffs' Complaint pursuant to Rules 12(c), 12(b)(6) and 12(b)(1) of the United States Court of Federal Claims.[1] In response to this Court's Order of

[1] Defendant filed a motion on April 12, 2007 for an enlargement of time in which to file its motion to dismiss which was unopposed by Plaintiffs provided that the remaining deadlines included in the Court's Order Establishing Briefing Schedule were also enlarged. Plaintiffs have not been apprised of the Court's ruling on said motion.

March 27, 2007, Plaintiffs submitted a Status Report requesting limited discovery to respond to Defendant's motion. Defendant opposes Plaintiffs' request for discovery.

**B. <u>DEFENDANT'S MOTION TO DISMISS</u>**

Defendant has moved this Court for judgment on the pleadings (RCFC 12(C)) and dismissal for failure to state a claim upon which relief can be granted (RCFC 12(b)(6)), or in the alternative, for lack of jurisdiction (RCFC 12(b)(1)). In reviewing a motion to dismiss pursuant to Rules 12(c) and 12(b)(6), the court must "assume all well-pled factual allegations are true and indulge in all reasonable inferences in favor of the nonmovant." *Gould Inc. v. United States,* 935 F.2d 1271, 1274 (Fed. Cir. 1991). However, in reviewing motions to dismiss, which challenge the truth of jurisdictional facts alleged in the complaint, it has been held that the "court may consider relevant evidence in order to resolve the factual dispute." *Reynolds v. Army & Air Force Exchange Serv.,* 846 F.2d 746, 747 (Fed. Cir. 1988); *But see, Total Medical Management, Inc. v. United States,* 29 Fed. Cl. 296 (1993)(expressing the minority view). Because the non-moving party bears the burden of establishing the court's jurisdiction, evidence may be necessary for Plaintiffs to meet this burden in the instant case.

The distinction between takings and torts for the purpose of the court's jurisdiction has been approached in various and inconsistent ways over the years. Because the distinction concerns the jurisdiction of the court however, it is both a substantive and procedural matter. In a recent opinion, Judge Block acknowledged:

> Despite the Serbonian Bog into which the takings jurisprudence of this court has fallen, the historical origin and application of the basic principles of takings jurisprudence reveal that there is no clear cut distinction between torts and takings. The best that can be said is that not all torts are takings, but that all takings by physical invasion have their origins in tort law and are types of governmental nuisances or, at times, trespasses."

*Hansen v. United States,* 65 Fed. Cl. 76, 80 (2005). Nonetheless, to the extent that this distinction is jurisdictional, Plaintiffs are burdened with proving the merits of their claims at the earliest stages of litigation.

Defendant has stated that "for purposes of its motion for judgment on the pleadings, Defendant assumed the truth of Plaintiffs' factual allegations."[2] However, Defendant's motion argues that "the probability and foreseeability of the damage is a primary determinative element in whether a taking or tort occurred", and that this Court lacks jurisdiction because "Plaintiffs cannot prove that the damage to their property was a 'direct, natural, and probable consequence'" of the Government's policies.[3] Plaintiffs have alleged in the Complaint and are aware of specific documents that will show the requisite "probability and foreseeability of the damage", which Defendant has identified as the "primary determinative element in whether a taking or tort occurred."[4] As such, to the extent that these facts are challenged by Defendant, Plaintiffs should be permitted to obtain and present said documents to establish this Court's jurisdiction by a preponderance of evidence.

By opposing discovery, Defendant wishes to hold Plaintiffs to the burden of proving the requisite probability and foreseeability that Defendant's policies resulted in a Fifth Amendment taking, without disclosing the very Government correspondence, technical reports and documents, known to exist, that evidence Defendant's deliberate and informed decisions distinguishing Plaintiffs' inverse condemnation claims from tort.

Plaintiffs need not plead every single fact that supports their claims. RCFC 8(a)(2) specifically requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs' pleadings are sufficient for the purpose of notice pleading as required in the

---

[2] Defendant's Opposition to Plaintiffs' Request for Discovery, dated May 2, 2007 at p. 2.
[3] Defendant's Motion for Judgment on the Pleadings at 11 (citing *Thune v. United States,* 42 Fed. Cl.49, 52 (1998)).
[4] Defendant's Motion for Judgment on the Pleadings at 11 (citing *Thune v. United States,* 42 Fed. Cl.49, 52 (1998)).

United States Court of Federal Claims. *See, Case, Inc. v. United States,* 25 Cl. Ct. 379, 382 (1992). Plaintiffs have alleged, for purposes of notice pleading, that Defendant's deliberate land management policies in the Cleveland National Forest (CNF) have preserved important natural resources, including watershed, timber, and National Parkland wildlife, necessarily altering the natural fire regime in the forest to the detriment of adjacent property owners.

What Defendant fails to acknowledge is that these resources have been preserved and protected at a predicted and discerned expense of unnaturally dense fuel loads in the CNF, a forest where fire is seasonal and a dominant part of the ecology. Defendant was well informed that fires have been seasonally occurring in the CNF long before humans populated the continent, and that in order to provide needed water and protect the wildland resources mandated by the public, the fire regime would have to be altered and adjacent property owners would be at a much increased risk. Contrary to Defendant's narrow reading of the Complaint, ignition is not the issue, it was the severity and spread of the fire, and the known calculated risks taken by Defendant that requires just compensation pursuant to the Fifth Amendment of the United States Constitution. Plaintiffs have alleged no wrongdoing other than Defendant's failure to pay for property interests taken by the United States for the benefit of the public.

While the factual inferences afforded to Plaintiffs with respect to Defendant's Rule 12(b)(6) motion are sufficient to overcome dismissal, Plaintiffs should be allowed to engage in limited discovery to establish jurisdiction and provide this Court evidence of Defendant's implied intent, which though alleged in the Complaint, is denied by Defendant in its Answer and its Motion to Dismiss.

Notably, there is a split of authority as to whether the favorable presumption for the non-movant's factual allegations ends when jurisdictional facts are brought into question. *See, Maniere v. United States,* 31 Fed Cl. 410, 413-14 (1994). It is clear however, that Defendant's Motion to Dismiss is premised on a narrow and misconstrued interpretation of the Complaint.

As such, the limited discovery requested by Plaintiffs will serve both to establish this Court's jurisdiction and lay to rest Defendant's misconception that any "wrongdoing" has been alleged, other than Defendant's failure to compensate Plaintiffs for a Fifth Amendment Taking.

Dated this 7th day of May, 2007

Respectfully submitted,

s/Mark S. Grotefeld

Mark S. Grotefeld
GROTEFELD & DENENBERG, L.L.C.
105 West Adams Street, Suite 2300
Chicago, Illinois 60603
Telephone: (312) 601-2398
Facsimile: (312) 601-2402

Counsel for Plaintiffs.

SF# 14053