IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Filed Electronically August 24, 2007)

| | | |
|---|---|---|
| RICHARD AND SUSAN CARY, PATRICIA GEERTS, SHARON HENRY, JAMES HERZOG, DIANE KNUEFFER, PATRICIA MARTIN, ROBERT S. MARTIN, JANET MARIE PRIATT, DONA SCHNEIDER, DOUGLAS SCHWAEBE, CARL AND KATHERINE SCHWEIKERT, DAVID SOUTHCOTT, and MARY CAROL WILDER, on behalf of themselves and all others similarly situated, who sustained damage to a property interest as a result of the Cedar Fire. | ) | No. 06-707 L |
| Plaintiffs, | ) | Senior Judge Wiese |
| v. | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION**
**FOR JUDGMENT ON THE PLEADINGS**

In Defendant's motion for judgment on the pleadings, we demonstrated that Plaintiffs have failed to state a claim upon which relief may be granted, and that their complaint should be dismissed for lack of jurisdiction. The arguments in Plaintiffs' opposition do not remedy Plaintiffs' failure to state a Fifth Amendment takings claim, and it remains clear that, even if Plaintiffs have stated a claim, their claim sounds in tort, and falls outside the purview of this Court's jurisdiction. Accordingly, Plaintiffs' Complaint should be dismissed.

I. Plaintiffs Must Prove Both Causation And Foreseeability

As we have demonstrated, treatment under takings law is only appropriate where a plaintiff can demonstrate that its injuries were caused by the Government's action, and that the

Government's agents should have foreseen the resulting injury. Moden v. United States, 404 F.3d 1335, 1344 (Fed. Cir. 2005). We have already addressed the holdings in Teegarden v. United States, 42 Fed. Cl. 252 (1998), and Thune v. United States, 41 Fed. Cl. 49 (1998), both cases involving damage by forest fire. In Teegarden, the Court determined that it was a fire, and not any action taken by the Forest Service, that caused the destruction of the plaintiff's property. Teegarden, 42 Fed. Cl. at 257. In Thune, even where the Forest Service had intentionally set the fire that ultimately destroyed the plaintiff's property, the Court determined that the damage done to the plaintiff's property was not a natural consequence of the Forest Service's actions "as designed." Thune, 41 Fed. Cl. at 52.

Plaintiffs attempt to distinguish both cases by arguing that the operative facts of this case are more similar to flooding cases than to fire cases. In particular, Plaintiffs rely heavily on Cotton Land Co. v. United States, 109 Ct. Cl. 816 (1948), a flooding case which, as Judge Baskir recently noted, "tests the limits of the direct cause-consequential loss dichotomy." Nicholson v. United States, 2007 WL 2206857 at *13-14 (Fed. Cl. 2007). "The chain of causation for the flooding was somewhat attenuated in Cotton Land, making it an ideal case for takings claimants where the causal connection is remote." Nicholson at *14. However, Cotton Land does not remove the direct cause and foreseeability requirements, which have been repeatedly reaffirmed by the Federal Circuit, most recently in Moden. See also Ridge Line, Inc. v. United States, 346 F.3d 1346 (Fed. Cir. 2003).

Accepting, arguendo, that this Court should look to flooding cases, rather than the more factually-similar forest fire cases, the Court should look to Nicholson, a much more recent flooding case than those cited by Plaintiffs, where the Court found that the flooding at issue had

been caused by Hurricane Katrina, rather than by the Army Corps of Engineers' installation of floodwalls. The Court contrasted the case with Cotton Land, finding that where causation could not be established, it was not even necessary to reach the question of foreseeability:

> In our case, by contrast, there is no indication that either the hurricane, storm surge or flood waters, were conditions initially set in motion by the construction of floodwalls. Accordingly, although the Government expends considerable effort in establishing Hurricane Katrina as an unforeseeable intervening cause, we do not need to reach the question of remoteness where, as here, the Government actions which allegedly constitute a taking did not in the least cause the flood.

Nicholson at *14 (emphasis added). Likewise in the instant case, Plaintiffs cannot argue that the Cedar Fire was "initially set in motion" by the Forest Service's policies of extinguishing fires. Id. The fire at issue here was "initially set in motion" by an independent actor, a lost hunter. Because Plaintiffs cannot prove causation, their takings action must fail.

Plaintiffs base their arguments on the premise that "[t]he crux of this dispute is not what caused the Cedar Fire, but instead what caused Plaintiffs' injuries." Pl. Br. at 1.[1] But Plaintiffs cannot escape dismissal of their claims simply by semantically re-framing the question to be addressed by this Court. Factually, there can be no question that Plaintiffs' injuries were caused by fire. The question, then, must be whether the fire was caused by any action taken by the Forest Service. As Plaintiffs readily admit, "wildfire is an unavoidable and undisputed fact of life in Southern California generally." Pl. Br. at 1. In other words, by Plaintiffs' own admissions, Southern California would be experiencing dangerous forest fires regardless of any

[1] "Pl. Br. at __" is a reference to Plaintiffs' Opposition to Defendant's Motion For Judgment on the Pleadings.

actions taken by the Government, and Plaintiffs cannot prove that, but for the actions of the Forest Service, the Cedar Fire would not have occurred.

## II. Additional Discovery Cannot Save Plaintiffs' Claims

Defendant has already demonstrated, in previous briefing filed before this Court, that discovery in this case is unnecessary, and would be futile. Plaintiffs again argue that they should not be held to the burden of proving probability and foreseeability without the benefit of discovery. Pl. Br. at 4. Plaintiffs' argument misses the point. The question is not whether the Forest Service could foresee a forest fire occurring in Southern California. The question is whether the Forest Service could foresee, at the time it took its actions, that its actions would cause the forest fire. Because all parties agree that the Cedar Fire was caused by a hunter, the probability of the Forest Service's land management policies causing the fire is, by definition, zero. No amount of discovery can alter the events of October 25, 2003, when the hunter ignited what ultimately became the Cedar Fire.

## III. Plaintiffs' Claims, If Successful, Would Place The Forest Service In An Impossible Position

While Plaintiffs' concurrent actions in this Court and the United States District Court for the Southern District of California are based upon the same set of operative facts, they actually present complete opposite arguments in support of their claims for relief.

In their complaint brought before the District Court, Plaintiffs allege that,

> [B]y abandoning this fire at its controllable, incipient stage, DEFENDANT facilitated the Cedar Fire's development into an epic conflagration that spread well beyond the boundaries of the CNF, placing homes, property and lives in and about San Diego County in harm's way.

Tort Complaint at ¶3.[2] Specifically, Plaintiffs allege in that action that the Forest Service breached a duty owed to Plaintiffs by failing to suppress and/or control the Cedar Fire. See id. at ¶¶75-104. In other words, Plaintiffs seek to hold the Forest Service liable for not extinguishing a forest fire.

In their Complaint brought before this Court, Plaintiffs allege that "it was DEFENDANT'S land management policy from 1911 to 1968 to suppress each and every wildfire in National Parklands, including the CNF," and that Defendant's land management policies resulted in a taking of Plaintiffs' property. Complaint at ¶39 and ¶48. In other words, Plaintiffs seek to hold the Forest Service liable for extinguishing forest fires.

Plaintiffs argue that "[t]he fact Plaintiffs have made claims of negligence in another court is simply not relevant to the determination of whether the complaint before this Court states a proper cause of action under the Fifth Amendment." Pl. Br. at 6. The existence of the other claim is relevant, however, when it demonstrates the fact that Plaintiffs seek to hold the Forest Service liable both for putting out fires and for not putting them out.[3] Such an outcome would be nonsensical, and would hold the Forest Service to an impossible standard.

---

[2] "Tort Complaint at __" is a reference to Class Action Complaint For Property Damage, filed by Plaintiffs on October 20, 2006, in the United States District Court for the Southern District of California, a copy of which is attached hereto.

[3] The existence of Plaintiffs' tort claim may also be relevant in that Plaintiffs appear to seek identical damages in the two cases. Both complaints contain prayers for relief in the amount of $236,890,648.00, and appear to be based upon exactly the same property damage. Should Plaintiffs be successful in both actions, they would receive a windfall. Therefore, in the event that this Court does not grant Defendant's motion for judgment on the pleadings, Defendant may seek to stay the instant case pending resolution of Plaintiffs' tort claim.

## CONCLUSION

For the foregoing reasons, and for the reasons discussed in our motion for judgment on the pleadings, Defendant respectfully requests the Court grant its motion for judgment on the pleadings and dismiss Plaintiffs' Complaint in its entirety.

Respectfully Submitted,

RONALD J. TENPAS
Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

s/Heide L. Herrmann____________________
HEIDE L. HERRMANN
Environment and Natural Resources Division
Natural Resources Section
Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
202-305-3315 (phone)
202-305-0274 (fax)
Heide.Herrmann@usdoj.gov

Dated: August 24, 2007